IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Inheritance Tax

| | | |
|---|---|---|
| JACQUELYN PRESTIDGE, TRUSTEE OF THE MIFFLIN AND NANCY THOMAS TRUST "A", | ) ) ) ) | |
| Plaintiff, | ) ) | TC-MD 110895C |
| v. | ) ) ) | |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) ) ) | |
| Defendant. | ) | **DECISION** |

Defendant denied Plaintiff's claim for refund (CFR) for Oregon inheritance tax paid by Decedent's estate on October 18, 2006, for the transfer of assets of a qualified terminable interest property (QTIP) trust. Plaintiff timely appealed. Plaintiff is represented by Daniel C. Re, Attorney-at-Law. Defendant is represented by Nathan B. Carter, Assistant Attorney General, State of Oregon. The matter is before the court on cross-motions for summary judgment.

## I. STATEMENT OF FACTS

Plaintiff seeks a refund of $320,627, plus interest, for Oregon inheritance tax paid by Decedent's estate for the transfer of assets of a qualified terminable interest property trust (QTIP Trust) over which Plaintiff claims the State of Oregon had no jurisdiction. Defendant argues that the transfer of QTIP Trust assets was a taxable transfer of property interests under ORS 118.010. The parties agree to the following facts.

Mifflin Thomas (Decedent) died an Oregon resident on January 23, 2006. (Stip of Facts at 1, ¶ 1.) Decedent's wife, Nancy Thomas (Thomas), died an Oregon resident on May 2, 2001. (*Id.*, ¶ 2.) The Nancy Thomas Estate (The Estate) filed an Oregon inheritance tax return, Form IT-1, with the Oregon Department of Revenue (department) on January 25, 2002. (*Id.*, ¶ 3.) In the IT-1 for The Estate, the Oregon inheritance tax was based on the credit for state death taxes

DECISION  TC-MD 110895C                                                                                                    1

reported on The Estate's federal estate tax return. (*Id.* at 1-2, ¶ 5.) The taxable estate amount equaled the gross estate minus deductions, including a deduction for specific assets that were subject to a QTIP election. (*Id.*) The property indentified for QTIP election, the value of which was deductible from the value of the gross estate for federal estate tax purposes, was placed in the QTIP Trust. (*Id.*)

Decedent and Thomas were Settlors of the Mifflin and Nancy Thomas Trust, which contained the QTIP Trust provisions that became effective after Thomas's death. (*Id.* at 2, ¶ 6.) Decedent served as Trustee of the QTIP Trust from the time of Thomas's death on May 2, 2001, until August 3, 2004. (*Id.*, ¶ 7.) Effective August 3, 2004, Decedent resigned as Trustee of the QTIP trust and appointed Wells Fargo Bank, N.A., at its Carmel, California branch, as Trustee of that trust. (*Id.*, ¶ 12.) Once Wells Fargo accepted the appointment as Trustee on August 6, 2004, Decedent revoked his power as the sole income beneficiary of the QTIP Trust to appoint a successor trustee. (*Id.* at 3, ¶ 14.) Wells Fargo filed California State fiduciary income tax returns for 2004, 2005 and 2006 and filed a final Oregon fiduciary income tax return for 2006. (*Id.*, ¶ 15.) At some point not stipulated, Jacquelyn Prestidge (Plaintiff) became a co-trustee of the QTIP Trust and eventually became the sole trustee once Wells Fargo resigned as Co-Trustee on July 6, 2008. (Ptf's Compl at 1.)

During his lifetime, Decedent was the sole income beneficiary of the QTIP Trust and as Trustee was authorized to apply, for his benefit as the surviving Settlor, as much of the trust estate as he deemed proper or necessary to provide him with reasonable support, maintenance and care, after taking into consideration his other means of support. (Stip of Facts at 2, ¶¶ 9-10.) No person had the power to appoint any portion of the QTIP Trust property to any person other than Decedent during Decedent's lifetime. (*Id.*, ¶ 11.)

/ / /

From the date of Thomas's death, Decedent did not have the power to revoke or amend the QTIP Trust, and upon his resignation as Trustee, Decedent did not have power to withdraw property from the QTIP Trust. (*Id.* at 3, ¶ 17.) However, the successor trustee retained power to withdraw property as necessary for Decedent's reasonable support, maintenance and care, after taking into consideration Decedent's other means of support. (*Id.*)

The Oregon Form IT-1 for Decedent's estate was filed with the department on October 18, 2006, together with a payment of Oregon inheritance tax in the amount of $768,649. (*Id.*, ¶ 18.) No estate tax return was filed for Decedent's estate in California. (*Id.*, ¶ 19.) The QTIP Trust property was included in Decedent's Oregon inheritance tax return and out of the $768,649 of Oregon inheritance tax paid, $320,627 was paid on the QTIP Trust property. (*Id.*, ¶ 20.)

Plaintiff Jacquelyn Prestidge, an Oregon resident, is the sole Executor of Decedent's estate for Oregon inheritance tax purposes. (*Id.* at 3-4, ¶¶ 21, 22.) On October 6, 2008, Plaintiff filed a claim for refund (CFR) of $320,627, plus interest, for the Oregon inheritance tax that Decedent's estate had paid on the QTIP Trust property. (*Id.* at 4, ¶ 23.) Department denied Plaintiff's CFR on May 19, 2010, and on June 14, 2010, Plaintiff objected to the denial and requested a conference with Defendant. (*Id.*, ¶¶ 24-25.) The conference was held by telephone on February 8, 2011, and on April 27, 2011, the Conference Officer issued a Conference Decision Letter that denied Plaintiff's CFR. (*Id.*, ¶¶ 25-26.) Plaintiff timely appealed to this court.

## II. ANALYSIS

Plaintiff's claim that Oregon lacks jurisdiction over the transfer of property of the QTIP Trust centers on three arguments: 1) Decedent did not create any interest in the QTIP Trust, 2) Decedent did not retain any interest in the QTIP Trust, and 3) the QTIP Trust was owned and

/ / /

DECISION TC-MD 110895C 3

administered by a California Trustee at the time of Decedent's death. These arguments will be addressed in turn.

A.      *Statute*

Defendant claims that the transfer of QTIP Trust assets was a taxable transfer of property interests under ORS 118.010. ORS 118.010[1] provides in relevant part:

> "(1) A tax is imposed upon a transfer of property and any interest therein, within the jurisdiction of the state, whether belonging to the inhabitants of this state or not, which passes to or vests in any person or persons, or any body or bodies politic or corporate, in trust or otherwise, or by reason whereof any person or body politic or corporate shall become beneficially entitled, in possession or expectation, to any property or interest therein or income thereof."

"Transfer of property" refers to any transfer that is subject to the federal estate tax imposed under the Internal Revenue Code (IRC). ORS 118.005(10).

IRC § 2044,[2] which discusses the inclusion in the value of the surviving spouse's gross estate, of certain property for which a marital deduction was previously allowed to that individual's predeceased spouse, provides in relevant part:

> "(a) The value of the gross estate shall include the value of any property to which this section applies in which the decedent had a *qualifying income interest for life*.

> "(b) This section applies to any property if—
>     (1) a deduction was allowed with respect to the transfer of such property to the decedent—
>       (A) *under section 2056 by reason of subsection (b)(7) thereof*, [and]
>
>       * * * * *
>     (2) section 2519 (relating to dispositions of certain life estates) did not apply with respect to a disposition by the decedent of part or all of such property.

/ / /

/ / /

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) and the Oregon Administrative Rules (OAR) are to 2005 unless otherwise indicated.

[2] All references to the Internal Revenue Code (IRC) are to 2005.

"(c) For purposes of this chapter * * *, property includible in the gross estate of the decedent under subsection (a) shall be treated as property passing from the decedent."

IRC § 2044.  (Emphasis added.)

IRC § 2056, which discusses bequests, etc. to a surviving spouse, provides in relevant part:

"(a) For purposes of the tax imposed by section 2001, the value of the taxable estate shall, *except as limited by subsection (b),* be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) Limitation in the case of life estate or other terminable interest.

*  *  *  *  *
(7)(A) In the case of *qualified terminable interest property*—
        (i) for purposes of subsection (a), *such property shall be treated as passing to the surviving spouse,* and
        (ii) for purposes of paragraph (1)(A), no part of such property shall be treated as passing to any person other than the surviving spouse.
     (B) For purposes of this paragraph—
        (i) The term 'qualified terminable interest property' means property—
          (I) which passes from the decedent,
          (II) in which the surviving spouse has a *qualifying income interest for life*, and
          (III) to which an election under this paragraph applies.
        (ii) The surviving spouse has a *qualifying income interest for life* if—
          (I) the surviving spouse is *entitled to all the income from the property*, payable annually or at more frequent intervals, *or has a usufruct interest for life in the property*, and
          (II) *no person has a power to appoint any part of the property to any person other than the surviving spouse*."

(Emphasis added.)

B.      *Creation of the QTIP Trust interest*

The State of Oregon taxes all transfers of property that are subject to federal estate tax imposed under the IRC.  ORS 118.010; ORS 118.005(10).  However, under IRC section 2056(a), the value of "qualified terminable interest property" (QTIP) is deducted from a decedent's gross

estate, and no taxes are paid on the value of such a trust at the decedent's death. Instead, the tax owed on the QTIP Trust property is deferred until the death of the surviving spouse, at which point the QTIP Trust property is included within the surviving spouse's gross estate. IRC § 2044.

Although the property at issue was part of a surviving spouse's estate for which a QTIP deduction was previously allowed to Decedent's spouse Thomas under IRC section 2056(b)(7), Plaintiff argues that the QTIP Trust assets could not have been subject to Oregon inheritance tax imposed on Decedent Mifflin's estate because Decedent Mifflin was not the person who *created* the QTIP Trust property rights that were transferred as a result of his death. (Mem in Supp of Ptf's Mot for Summ J at 1.) (Emphasis added.) Plaintiff did not cite any legal authority for that proposition in its initial memorandum. Plaintiff's argument seems to come from its interpretation of *Curry v. McCanless*, 307 US 357, 59 S Ct 900, 83 L Ed 1339 (1939), as cited in *Arnold v. Dept. of Rev.*, 7 OTR 485, 493 (1978), and addressed in its response memorandum. (Ptf's Resp to Def's Cross-Mot for Summ J at 3.)

Plaintiff claims that in *Curry*, the U.S. Supreme Court stated that the ability of a state to tax intangible property interests is based on the state's power over the person who was the origin of the intangible property interest. (*Id.*) Building on *Curry*, Plaintiff argues that because the intangible property interest in this case originated when Thomas's property[3] was transferred to the QTIP at her death, Thomas, not Decedent, was the origin of the rights in the QTIP Trust, and consequently Oregon had no jurisdiction. (*Id.*)

---

[3] Plaintiff asserts in its Response to Defendant's Cross- Motion for Summary Judgment that the QTIP Trust was funded with Nancy Thomas's property under the provisions of the Mifflin and Nancy Thomas Trust. (Ptf's Resp to Def's Cross-Mot for Summ J at 3.) Defendant appears to accept that assertion in its memoranda. (See e.g. Def's Reply at 1-2) (stating: "Plaintiff asserts that decedent's wife, Nancy Thomas, was the exclusive owner of the trust assets prior to their transfer into the trust. Therefore, according to plaintiff, decedent could not have 'retained' and interest in the trust assets because he had no interest in those assets in the first place. * * * Plaintiff reads too much into the Tax Court's use of the word 'retain.' ")

However, Plaintiff misconstrues the significance of "origin" of the right as used in *Curry*. Regarding rights related to intangible things, the *Curry* court stated that such rights "are but relationships between persons" that "can be made effective only through control over and protection afforded to those persons whose relationships are the origin of the rights." *Curry*, 307 US at 366. However, Plaintiff's focus on the person *originating* the right extracts meaning that neither the *Arnold* nor *Curry* courts appear to have intended. The *Arnold* court used this quote to discuss the taxing of intangibles and gave no discussion to the origin of the right or interest therein. Furthermore, an examination of the context in *Curry* shows that the court there was discussing sovereign power of the state over intangibles of a domiciled resident, focusing on the juxtaposition of a person's in-state domicile with the intangible's out-of-state location. Therefore, when the court stated that "[the rights] can be made effective only through control over and protection afforded to those persons whose relationships are the origin of the rights," *Curry*, 307 US at 366, it appears to have been saying that because intangible interests have no physicality, it is their connection to the people who hold them that is significant. The focus was on the relationship between the person and the right, not on the creation of the right itself. Here, Decedent had a substantial interest in the QTIP Trust property and therefore the fact that he did not create the interest therein is irrelevant to Oregon's jurisdiction.

C.      *Retention of the QTIP Trust interest*

Plaintiff claims that because the QTIP Trust was funded exclusively with Thomas's property, Decedent could not have *retained* any interest in the QTIP Trust assets, including any substantial economic use and enjoyment of those assets. (*See* Ptf's Resp to Def's Cross-Mot for Summ J at 3.) Both parties agree that the definition of "retain" includes "to keep/hold in

/ / /

/ / /

possession or use."[4]  The definition of "use" includes "the privilege or benefit of using

something." *Webster's Third New Int'l Dictionary* 2523 (unabridged ed 2002).  Although it was

not Decedent's property that created the trust, the property was transferred to the QTIP Trust

upon Thomas's death and Decedent continued to have "use" of the property throughout his

lifetime, even after he stepped down as Trustee.  Indeed, the successor trustee retained the power

to withdraw property as necessary for Decedent's reasonable support, maintenance and care.

(Stip of Facts at 3, ¶ 17.)  Consequently, Decedent retained the use of the property until his

death.

The Internal Revenue Code (IRC), as followed by Oregon regarding transfers of property,

does not require creation of property in order to have retention; the code requires only that

property pass to the surviving spouse.  *See* IRC § 2056(b)(7)(B)(i)(I) (defining QTIP property as

that "which passes from the decedent.").  Thomas's property qualified as terminable interest

property and subsequently passed to Decedent as the surviving spouse in a QTIP Trust under

IRC section 2056(b)(7).  When Decedent died, the value of his gross estate included the value of

the property in the QTIP Trust, as it was property in which Decedent had a qualifying income

interest for life under IRC section 2044.  Although Decedent did not own the property at the time

of his death, as the sole income beneficiary of the QTIP Trust he was "entitled to all the income

from the property."  IRC § 2056 (b)(7)(B)(ii)(I).

An examination of the Treasury Regulation regarding IRC § 2056 (b)(7) is useful, as the

regulation explains the meaning of the phrase "entitled for life to all of the income" when an

interest is transferred in trust.[5]  A surviving spouse is "entitled for life to all of the income" if he

---

[4] Plaintiff cites the *Merriam-Webster Dictionary* as defining retain as "to keep in possession or use." (Ptf's Resp to Def's Cross-Mot for Summ J at 1); Defendant cites *Webster's Third New Int'l Dictionary* as defining retain as "to hold * * * in possession or use." (Def's Reply in Supp of Cross-Mot for Summ J at 2.)

[5] Treasury regulations are the authoritative interpretation of the Internal Revenue Code so long as they are reasonable. *Cottage Sav. Ass'n v. Comm'r*, 499 US 554, 560-61, 111 S Ct 1503, 113 L Ed 2d 589 (1991).

or she is "unqualifiedly designated as the life beneficiary of a trust." Treas. Reg. 20.2056(b)-5(f)(1). Furthermore, Treas. Reg. 20.2056(b)-5(f)(1) provides in relevant part:

> "If an interest is transferred in trust, the surviving spouse is 'entitled for life to all of the income from the entire interest or a specific portion of the entire interest,' * * * *if the effect of the trust is to give her substantially that degree of beneficial enjoyment of the trust property during her life* which the principles of the law of trusts accord to a person who is unqualifiedly designated as the life beneficiary of a trust."

(Emphasis added.)

In *Arnold*, when Decedent retained substantial interests in the intangibles which constituted a trust corpus administered in Hawaii, the court held that Oregon had jurisdiction to impose its inheritance tax on the transfer of trust property upon Decedent's death. 7 OTR at 493-494. Plaintiff claims that the facts of *Arnold* are distinguishable from the present case in that Decedent in *Arnold* funded the trust herself, whereas here Decedent did not. (Ptf's Resp to Def's Cross-Mot for Summ J at 2.) However, both decedents retained interests in the property that was transferred to the trust, as both retained the right to income generated by the trust. And although Plaintiff claims that Decedent's funding or "creation" of the trust was significant to the outcome of *Arnold*, the dispositive issue was whether Decedent held a substantial enough interest in the trust assets to tax its transfer at her death. Decedent in *Arnold* retained substantial interests in the trust because she "retained the right to the income generated by the trust for the duration of the trust (30 years) or until her death, whichever occurred first." *Arnold*, 7 OTR at 492. Here, Decedent retained substantial interests in the trust as the sole income beneficiary with access, first directly as trustee, and the indirectly via the successor trustee, to withdraw, or have withdrawn, property as necessary during his lifetime to meet his needs. Thus, Decedent had beneficial enjoyment of the trust property until his death, or at the very least had a "usufruct

interest for life in the property,"[6] and consequently the QTIP Trust property was within Oregon's jurisdiction.

D.      *Location of the QTIP Trust*

Plaintiff claims that Oregon did not have jurisdiction over the transfer of the QTIP Trust assets because on the date of Decedent's death Wells Fargo Bank, N.A., a California Trustee, owned and administered the Trust. (Ptf's Compl at 2.) In *Curry*, the court cited *McCulloch v. Maryland*, 17 US 316, 4 L Ed 579 (1819), to explain state powers of taxation, in *McCulloch*, the court stated that "[a]ll subjects over which the sovereign power of a state extends, are objects of taxation; but those over which it does not extend, are, upon the soundest principles, exempt from taxation." *Id*. at 429. However, the *Curry* court subsequently explained that the *McCulloch* quote "does *not* mean that the sovereign power of the state does not extend over intangibles of a domiciled resident because they have no physical location within its territory * * *," and went on to state that, "[a] jurisdiction which does not depend on physical presence within the state is not lost by declaring that it is absent." *Curry,* 307 US at 366. (Emphasis added.) Moreover, OAR 150-118.010(1)(a)(C) provides that the estate tax imposed under Oregon law on all of a resident decedent's "[i]ntangible personal property wheresoever situated."

Decedent was an Oregon resident, and the taxable estate of a resident decedent includes "intangible personal property located both in and outside of Oregon." ORS 118.010(3). As noted in *Arnold*, "[inheritance] tax is not imposed directly on the trust corpus" but rather "is imposed on the shifting of the economic benefits and burdens to the beneficiaries at or after the decedent's death." *Arnold*, 7 OTR at 490. The benefits of Thomas's property shifted to Decedent through the transfer that occurred upon Thomas's death. Thus, the State of Oregon

---

[6] "Usufruct" is defined as "the right to use or enjoy something." *Webster's Third New Int'l Dictionary* 2524 (unabridged ed 2002).

had jurisdiction over this transfer, and the fact that the QTIP Trust was being administered in California is irrelevant.

## III. CONCLUSION

For the foregoing reasons, the court concludes that the transfer of assets of the QTIP Trust that occurred at Decedent's death was subject to Oregon inheritance tax and therefore Plaintiff's Motion for Summary Judgment must be denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Cross Motion for Summary Judgment is granted.

Dated this ____ day of September 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on September 14, 2012. The Court filed and entered this document on September 14, 2012.*